**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| FREDERICK SELLERS, :  <br> : <br> Petitioner : <br> : <br> v. : <br> : <br> THE ATTORNEY GENERAL OF : <br> THE STATE OF NEW JERSEY, : <br> : <br> Respondent : | Civil No. 19-17228(RMB) <br><br> **MEMORANDUM AND ORDER** |

This matter comes before the Court upon Petitioner Frederick Sellers' petition for writ of habeas corpus under 28 U.S.C. § 2254. (Pet., ECF No. 1.) Petitioner is an inmate incarcerated in the Federal Correctional Facility in Fort Dix, New Jersey "FCI Fort Dix." (Pet., ECF No. 1.)

Petitioner states one ground for relief in his habeas petition:

> On Dec. 9, 2009 I was arrested and sentenced in a federal court for distributing 5 or more kilos of cocaine. On Nov. 12, 2010 I was found guilty. Subsequently on April 4, 2010 [I] was sentenced to 188 months. Prior to my December 9, 2009 arrest I was on State parole. 2 days after my arrest the Pa. Bd of probation and parole lodged a detainer against me. After numerous letters asking if they could remove the detainer so I could benefit from some of the programs the BOP offer I was rejected. The board had an obligation to give me a violation hearing 120 after my federal sentencing. After I wrote letters to the Parole Board I filed a

> motion to the courts of Common Pleas in Philadelphia. A few weeks later I contacted the courts and was told that if I didn't have a docket number they couldn't docket my motion so I thought this was my only course of action. Note: the courts never returned my motion.

(Pet., ECF No. 1, ¶12.) For relief, Petitioner asks this Court to order the Pennsylvania Board of Probation and Parole to remove the state detainer. (Pet., ECF No. 1 at 8.)

In <u>Braden v. 30th Judicial District of Kentucky</u>, 410 U.S. 484, 498-500 (1975), the Supreme Court held that a prisoner serving a sentence imposed by one State who seeks to challenge a detainer lodged by another State may bring a § 2254 petition in the "demanding state." The Court reasoned "[w]e cannot assume that Congress intended to require [a State] to defend its action in a distant State and to preclude resolution of the dispute by a federal judge familiar with the law and practices of [the proper state forum]." <u>Id.</u> at 499.

Petitioner here challenges a detainer imposed by the Pennsylvania Board of Probation and Parole.[1] Therefore, this Court will transfer the petition to the proper forum, the United States District Court, Eastern District of Pennsylvania. See <u>Lafferty v. St. Riel</u>, 495 F.3d 72, 77 (3d Cir. 2007) (where a plaintiff files

---

[1] The Court notes Petitioner has not named the proper respondent to the petition but reserves the issue for the transferee court.

2

suit in an improper forum, a district court is required by 28 U.S.C. § 1406(a) to dismiss or transfer to a proper venue).

**IT IS** therefore on this **7th** day of **October 2019**,

**ORDERED** that the Clerk shall transfer this matter to the United States District Court, Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a); and it is further

**ORDERED** that the Clerk shall close this matter.

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
**United States District Judge**